UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,<br><br>                Plaintiffs,<br><br>-against-<br><br>NYC FLOORING L.L.C., KNF RENOVATIONS, LLC, SALVATORE MARZELLA, FRANK LIOY, and SHERIE LIOY,<br><br>                Defendants. | No. 19 CV _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

    Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

    1.  This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to obtain relief related to delinquent contributions to employee benefit plans.

## JURISDICTION AND VENUE

    2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

    3.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) are administered in this district.

## THE PARTIES

1. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

2. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

3. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

4. Defendant NYC Flooring L.L.C. ("NYC Flooring") is a New Jersey corporation. At all relevant times, NYC Flooring is and has been an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within

the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  NYC Flooring maintains a principal place of business at 191 Round Hill Drive, Freehold, NJ 07728.

5.  Defendant KNF Renovations LLC ("KNF Renovations") is a New Jersey corporation.  At all relevant times, KNF Renovations is and has been an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  KNF Renovations maintains a principal place of business at 332 Hollie Drive, West Belford, NJ 07718.

6.  Salvatore Marzella is a principal, owner, and officer of NYC Flooring.  Marzella resides at 191 Round Hill Drive, Freehold, NJ 07728.

7.  Frank Lioy is a principal, owner, and officer of NYC Flooring and a principal and an officer at KNF Renovations.  Frank Lioy resides at 332 Hollie Drive, West Belford, NJ 07718.

8.  Sherie Lioy is a principal, owner, and officer of KNF Renovations.  Sherie Lioy resides at 332 Hollie Drive, West Belford, NJ 07718.

9.  Frank Lioy and Sherie Lioy are married.

## FACTUAL ALLEGATIONS

### *NYC Flooring's Collective Bargaining Agreement*

10. At relevant times, NYC Flooring was a signatory to, or otherwise bound by, a collective bargaining agreement (the "CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

11. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

12. The CBA required NYC Flooring, *inter alia*, to make specified hourly benefit contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

13. Additionally, NYC Flooring was required to furnish its book and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions under the terms of the CBA.

14. Pursuant to the CBA and the documents and instruments governing the Funds, an employer is liable for all delinquent contributions, plus compound interest thereon at the rate of the prime rate plus 2%, liquidated damages equal to 20% of the delinquent contributions, audit costs, and all reasonable attorneys' fees and costs incurred by the Funds in relation to this action.

15. Pursuant to the CBA and the Funds' governing documents, if an employer fails to timely remit benefit contributions, the Funds may assess late payment interest against the employer from the date of the delinquency through the time of payment.

16. Pursuant to the CBA, the Funds conducted an audit of NYC Flooring covering the period of December 30, 2013 through June 25, 2017 (the "Audit"), which revealed delinquent benefit contributions in the principal amount of $13,029.73.

17. NYC Flooring has failed to pay any of the delinquent contributions identified in the Audit or any of the damages to which the Funds are entitled in connection with such a delinquency, including interest, liquidated damages, audit costs, and attorneys' fees and costs

***NYC Flooring and KNF Renovations are Alter Egos And/or Successor Entities***

18. At all relevant times, Defendants NYC Flooring and KNF Renovations operated as a single, integrated employer, with interrelation of operations, common management, centralized control of labor relations, common ownership, and common facilities and equipment.

19. At all relevant times, KNF Renovations was and is an alter egos/successor of NYC Flooring, as they have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

20. Defendants NYC Flooring and KNF Renovations share common officers: Salvatore Marzella and Frank Lioy.

21. Defendants NYC Flooring and KNF Renovations share common effective owners: Salvatore Marzella and Frank Lioy.

22. NYC Flooring's principal place of business is the residence of Marzella; KNF Renovations' principal place of business is the residence of Frank and Sherie Lioy.

23. NYC Flooring and KNF Renovations share the same employees. For example, KNF Renovation uses NYC Floorings' current and/or former employees to perform labor on KNF Renovation's projects at 1700 Broadway and 601 West 26th Street.

24. NYC Flooring and KNF Renovations share the same equipment. For example, KNF Renovations uses NYC Flooring's equipment on KNF Renovations' projects at 1700 Broadway and 601 West 26th Street.

25. Frank Lioy supervises and manages the Covered Work performed by employees of both NYC Floorings and KNF Renovations.

26. Frank Lioy and Salvatore Marzella control the labor relations for both NYC Flooring and KNF Renovations.

27. There is a family relation among the owners of Defendants, as Kevin Lioy, a principal at both NYC Flooring and KNF Renovations, is married to Sherie Lioy, principal and owner of KNF Renovations.

28. Defendants have the same business purpose: performing flooring installation work, such as carpeting and wood flooring, all of which is Covered Work.

29. NYC Flooring and KNF Renovations failed to remit contributions for Covered Work that their employees performed on the 1700 Broadway project, the 601 West 26th Street project, and on other projects involving Covered Work.

30. Defendants NYC Flooring and KNF Renovations have failed to follow ordinary corporate formalities or keep separate records, and there has never been an arm's length relationship between or among them.

31. KNF Renovations, through Kevin Lioy and Marzella, had prior knowledge of NYC Floorings' obligations to Plaintiffs.

32. Upon information and belief, Defendants have created and/or maintained separate entities to perpetrate a fraud against the Funds, including the avoidance of NYC Flooring's obligations to the Funds under the CBA.

33. As alter egos and successors of each other, NYC Flooring and KNF Renovations are subject to the CBA's terms and each are liable for each other's unpaid contributions and obligations to the Funds.

***Marzella, Frank Lioy, and Sherie Lioy Breached their Respective Fiduciary Duty to Plaintiffs***

34. The CBA bound NYC Flooring and its alter ego/successor/single employer KNF Renovations to the terms of the Funds' Trust Agreements, which provide that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to the CBA.

35. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary

authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

36. Marzella, Kevin Lioy, and Sherie Lioy exercised operational control over some or all of NYC Flooring and KNF Renovations' assets, including NYC Flooring and KNF Renovations' bank accounts, contracts, equipment, and other assets.

37. Marzella, Kevin Lioy, and Sherie Lioy were responsible for deciding whether to use assets in the possession of NYC Flooring and KNF Renovations to pay contributions to the Funds and Marzella, Kevin Lioy, and Sherie Lioy exercised discretionary control and/or discretionary authority over the disposition of the Funds' assets by, among other things, causing NYC Flooring and/or KNF Renovations to fail to remit contributions to the Funds in accordance with the CBA.

38. While NYC Flooring owed contributions to the Funds, Marzella, Kevin Lioy, and Sherie Lioy caused NYC Flooring to use, divert, or expend its assets for purposes other than remitting contributions to the Funds, such as by transferring NYC Flooring's assets to the alter ego/successor/single employer KNF Renovations.

39. Marzella, Kevin Lioy, and Sherie Lioy are fiduciaries of the Funds within the meaning of Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

40. Marzella, Kevin Lioy, and Sherie Lioy are each a party in interest with respect to the Funds within the meaning of Sections 3(14)(A), (C), (E), and/or (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (C), (E), and/or (H).

41. By the foregoing acts and omissions, Marzella, Kevin Lioy, and Sherie Lioy failed to discharge his or her duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purposes of providing benefits to the Funds'

participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

42. By the foregoing acts and omissions, Marzella, Kevin Lioy, and Sherie Lioy failed to discharge their respective duties with respect to the Funds with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

43. By the foregoing acts and omissions, Marzella, Kevin Lioy, and Sherie Lioy caused assets of the Funds to be used by or for the benefit of a party in interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

44. By the foregoing acts and omissions, Marzella, Kevin Lioy, and Sherie Lioy caused the Funds to suffer substantial monetary losses.

45. Under Section 409(a) of ERISA, 29 U.S.C. § 1109(a), Marzella, Kevin Lioy, and Sherie Lioy is personally liable to the Funds for all such losses, plus all profits Marzella, Kevin Lioy, and Sherie Lioy have made and/or all earnings the Funds have lost as a result of such acts and omissions.

46. Marzella is currently operating NYC Flooring as a sole proprietorship.

**PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST NYC FLOORING**
**(Liability for Delinquent Contributions/Violation of the CBA)**

47. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such

contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

49. Section 301 of the LMRA authorizes Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

50. At relevant times, NYC Flooring was a party to or otherwise bound by the CBA.

51. The CBA and Plaintiffs' governing documents required NYC Flooring to make specified hourly contributions to Plaintiffs in connection with all work performed within the trade and geographical jurisdiction of the CBA and to submit to and comply with periodic payroll audits when requested by Plaintiffs.

52. NYC Flooring violated the CBA when it failed to remit contributions for all work it performed within the trade and geographical jurisdiction of the CBA.

53. Pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the documents and instruments governing the Funds, Plaintiffs are entitled to an order finding that NYC Flooring is liable for delinquent contributions identified in the Audit in the amount of $13,029.73, plus interest, liquidated damages, audit costs and attorneys' fees, plus any additional delinquent benefit contributions identified through the present during the course of this litigation, with the corresponding interest, liquidated damages, audit costs, and attorneys' fees and costs.

**PLAINTIFFS' SECOND CLAIM FOR RELIEF AGAINST
<u>NYC FLOORING AND KNF RENOVATIONS</u>**
(Alter Ego/Successor/Single Employer Liability under the CBA)

54. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

56. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

57. At relevant times, NYC Flooring was a party to or otherwise bound by the CBA.

58. The CBA and the documents and instruments governing Plaintiffs required NYC Flooring to make specified hourly contributions to Plaintiffs in connection with all work performed within the trade and geographical jurisdiction of the CBA and to submit to and comply with periodic payroll audits when requested by Plaintiffs.

59. At relevant times, NYC Flooring and KNF Renovations were alter egos/successors/ single employers of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership and interrelation of operations, centralized control of labor functions, and common office facilities.

60. By virtue of their status as alter egos/successors/single employers, NYC Flooring, KNF Renovations are and, at all relevant times, have been bound by the CBA and Plaintiffs' trust documents incorporated therein. Accordingly, Defendant NYC Flooring and KNF Renovations are jointly and severally liable for each other's obligations under the CBA and under Plaintiffs' trust documents.

61. NYC Flooring and KNF Renovations violated the CBA when they failed to remit all contributions for work performed within the trade and geographical jurisdiction of NYC Flooring's CBA.

62. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the documents and instruments governing the Funds, Plaintiffs are entitled to an order: (1) finding that KNF Renovations is an alter ego, successor, and/or single employer of NYC Flooring and that NYC Flooring and KNF Renovations constitute a single integrated enterprise; (2) directing KNF Renovations to submit to an audit of their books and records to determine the extent of their delinquent contributions; and (3) finding that KNF Renovations and NYC Flooring are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed the audit of KNF Renovations, by the audits of NYC Flooring, or otherwise found to be due and owing by NYC Flooring and/or KNF Renovations during the course of this litigation.

### PLAINTIFFS' THIRD CLAIM FOR RELIEF AGAINST SLAVATORE MARZELLA, FRANK LIOY, AND SHERIE LIOY
**(Breach of Fiduciary Duty)**

63. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. Pursuant to the documents and instruments governing the Funds, the Funds' assets include delinquent amounts that neither NYC Flooring nor KNF Renovations has contributed but is required to contribute to the Funds pursuant to the CBA.

65. Marzella, Frank Lioy, and Sherie Lioy are each a fiduciary of the Funds within the meaning of Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

66. Marzella, Frank Lioy, and Sherie Lioy are each a party in interest with respect to the Funds within the meaning of Sections 3(14)(A), (C), (E), and/or (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (C), (E), and/or (H).

67. Marzella, Frank Lioy, and Sherie Lioy are and were responsible for NYC Flooring and/or KNF Renovations' failure to remit required contributions to the Funds.

68. Marzella, Frank Lioy, and Sherie Lioy each breached his or her fiduciary duties under Section 404 of ERISA, 29 U.S.C. § 1104, by, among other things, failing to discharge his or her duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and/or with the care, skill, prudence, and diligence required under the circumstances.

69. Upon information and belief, Marzella, Frank Lioy, and Sherie Lioy breached their respective fiduciary duties under Section 406, 29 U.S.C. § 1106, of ERISA by, among other things, causing assets of the Funds to be used by or for the benefit of a party in interest.

70. Accordingly, pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), Marzella, Frank Lioy, and Sherie Lioy are each personally liable to the Funds for: (1) all losses incurred by the Funds as a result of his or her breach of fiduciary duties, as revealed by the Audit or as otherwise found to be due during the course of this litigation; (2) all profits Marzella, Frank Lioy, and Sherie Lioy has made and/or all earnings the Funds have lost as a result of their unlawful acts and omissions, in an amount to be determined at trial; and (3) attorneys' fees and costs incurred in this action.

### PLAINTIFFS' FOURTH CLAIM FOR RELIEF AGAINST SALVATORE MARZELLA
**(Sole Proprietorship Liability)**

71. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. Marzella operates NYC Flooring as a sole proprietorship from his residence.

73. Marzella, based on his sole proprietor status, is personally liable to Plaintiffs for the damages arising from NYC Floorings' failure to remit contributions to Plaintiffs as required in the CBA and in the Funds' governing documents and from NYC Floorings' deliberate evasion of its obligations under the CBA by transferring assets to KNF Renovations.

**WHEREFORE,** Plaintiffs respectfully request that this Court issue an order:

(1) On Plaintiffs' First Claim for Relief, (i) awarding judgment in favor of Plaintiff and against Defendant NYC Flooring for the delinquent benefit contributions identified in the Audit of $13,029.73, plus interest as prescribed in the CBA, liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions owing, reasonable attorneys' fees, audit fees, and other costs incurred during the audit and collections procedures; (ii) requiring NYC Flooring to submit to an audit for June 26, 2017 through the present, per the CBA and Plaintiffs' governing documents, and awarding Plaintiffs the amounts due thereunder;

(2) On Plaintiffs' Second Claim for Relief, (i) finding that KNF Renovations is an alter ego/successor/single employer of NYC Flooring and that they constitute a single integrated enterprise; (ii) requiring KNF Renovations to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (iii) holding KNF Renovations and NYC Flooring jointly and severally liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by the KNF Renovations audit, by the NYC Flooring audits, or otherwise found to be due and owing by NYC Flooring and/or KNF Renovations during the course of this litigation;

(3) On Plaintiffs' Third Claim for Relief, finding that Salvatore Marzella, Frank Lioy, and Sherie Lioy breached their respective fiduciary duty to Plaintiffs and holding them liable to Plaintiffs for: (i) all losses incurred by the Funds as a result of Salvatore Marzella, Frank Lioy, and Sherie Lioy's breach of their respective fiduciary duties, as revealed by the audits of NYC Flooring and KNF Renovations, or as otherwise found to be due during the course of this litigation; (ii) all profits Salvatore Marzella, Frank Lioy, and Sherie Lioy have made and/or all earnings the Funds have lost as a result of Salvatore Marzella, Frank Lioy, and Sherie Lioy's unlawful acts and omissions in an amount to be determined at trial; and (iii) attorneys' fees and costs incurred in this action;

(4) On Plaintiffs' Fourth Claim for Relief, finding that Salvatore Marzella is a sole proprietor of NYC Flooring and is personally liable to Plaintiffs for damages, to be determined during the course of this litigation, arising from NYC Floorings' failure to remit contributions to Plaintiffs and from NYC Floorings' deliberate evasion of its obligations under the CBA by transferring assets to KNF Renovations.

(5) Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York         Respectfully submitted,
       July 11, 2019

                                  **VIRGINIA & AMBINDER, LLP**

                          By:     _____/s/_____
                                  John M. Harras
                                  40 Broad Street, 7th Floor
                                  New York, New York 10004
                                  (212) 943-9080

                                  *Attorneys for Plaintiffs*