USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, and :
APPRENTICESHIP, JOURNEYMAN RETRAINING, :  19-cv-6441 (LJL)
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES :
OF THE NEW YORK CITY CARPENTERS RELIEF :  ORDER
AND CHARITY FUND, and THE NEW YORK CITY :
AND VICINITY CARPENTERS LABOR- :
MANAGEMENT CORPORATION, :
:
                    Plaintiffs, :
:
   -v- :
:
NYC FLOORING L.L.C., KNF RENOVATIONS, LLC, :
SALVATORE MARZELLA, FRANK LIOY, SHERIE :
LIOY, and DENA PATTAKOS, :
:
                    Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Court has before it a motion to withdraw as counsel filed by the law firm representing Defendants NYC Flooring, L.L.C., KNF Renovations, L.L.C., Salvatore Marzella, Frank Lioy, Sherie Lioy and Dena Pattakos.  Dkt. No. 54.  For the following reasons, the application to withdraw is denied without prejudice.

      Local Rule 1.4 provides that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order."  A court grants leave to withdraw only upon "a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement." *Id*.  A court may also consider "whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel."  *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (quoting *Brown v. Nat'l Survival Games, Inc.*, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)).  "'The Court may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm.'"  *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 201)).

      Counsel has shown that the client has failed to pay fees, which constitutes a satisfactory

reason for withdrawal.  *See, e.g.*, *Cower v. Albany Law Sch. of Union Univ.*, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.").   However, allowing withdrawal at this point would interfere with the orderly processing of the case and cause prejudice to Plaintiffs.  Plaintiffs have filed a motion for discovery sanctions, which is pending before the Court.  Dkt. No. 51.  That motion lays out a troubling sequence of events where Plaintiffs have sought to obtain discovery from Defendants within the time period set forth in the case management plan and Defendants have failed to respond, sometimes in violation of Court order.  Dkt. No. 53.  As a result, Plaintiffs have been stymied in their efforts to comply with the case management plan.

The motion for sanctions was filed prior to the motion to withdraw.  Permitting counsel to withdraw now, before responding to the motion, would leave Defendants without counsel at a critical stage—when a motion is pending that asks for judgment to be entered against them.  It would also leave Defendants, and the Court, without the benefit of insights from the lawyer involved in the discussions over discovery.  Finally, it would result in further harm and prejudice to Plaintiffs, who want to move this case along and whose efforts to do so would be further delayed by the time that the Court undoubtedly would give the unrepresented parties to obtain counsel to represent them.

At the conference held today on this matter, Defendants' counsel agreed to respond to the motion for sanctions by October 21, 2020.  Plaintiffs will reply by October 28, 2020.  Defendants' counsel may renew their application to withdraw on or after October 21, 2020 and unless circumstances have changed, the Court will grant that application.

The Court has scheduled a status conference in this matter for November 23, 2020 at 10:00 a.m.  Parties are directed to call (888) 251-2909 and use access code 2123101.

The corporate Defendants are advised that they are not legally permitted to litigate the case *pro se*.  On the assumption that the Court may grant the motion to withdraw, the failure of the corporate defendants to secure counsel who will appear on their behalf including at the November 23, 2020 conference may result in a default judgment entered against them.  *See S.E.C. v. Research Automation Corp*, 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55."); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006), *cert denied*, 549 U.S. 1114 (2007).

SO ORDERED.

Dated: October 7, 2020
       New York, New York                                 _____
                                                                LEWIS J. LIMAN
                                                            United States District Judge