UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                   :

TRUSTEES OF THE NEW YORK CITY DISTRICT    :
COUNCIL OF CARPENTERS PENSION FUND,    :
WELFARE FUND, ANNUITY FUND, and    :
APPRENTICESHIP, JOURNEYMAN RETRAINING,   :
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES :
OF THE NEW YORK CITY CARPENTERS RELIEF  :
AND CHARITY FUND, and THE NEW YORK CITY  :
AND VICINITY CARPENTERS LABOR-    :
MANAGEMENT CORPORATION,    :
    :
                       Plaintiffs,    :
    :
        -v-    :
    :
NYC FLOORING L.L.C., KNF RENOVATIONS, LLC,  :
SALVATORE MARZELLA, FRANK LIOY,    :
    :
                     Defendants.    :
    :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/25/2022__

19-cv-6441 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

On September 15, 2021, the Court granted Plaintiffs' February 2021 motion for default

judgment as to liability on Plaintiffs' claims, brought pursuant to sections 502(a)(3) and 515 of

the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, for

Defendants' failure to remit contributions they were required to pursuant to a Collective

Bargaining Agreement ("CBA").  Dkt. No. 78.  In so doing, the Court explained that it was

"satisfied that the allegations of the complaint—if taken as true—would establish liability as to

[NYCF] and [KNF]."  *Id.* at 1.

Thereafter, Plaintiffs moved for damages they assert are owed as a result of the default

judgment.  Dkt. No. 79.  Plaintiffs seek an award of damages against Defendants, jointly and

severally,[1] in the amount of $5,918,444.87, plus post-judgment interest.  *See* Dkt. No. 79-1 ¶ 14.

Specifically, Plaintiffs seek $5,847,989.29 from damages calculated by its auditors plus

$70,455.58 in reasonable attorneys' fees and costs.  *Id.* ¶¶ 10, 12.  In support, Plaintiffs point to a

number of exhibits previously submitted in support of its February 2021 motion for default

judgment, including audit reports of NYCF and KNF covering various periods between

December 30, 2013 and December 31, 2019 for NYCF, and between July 1, 2014 and December

29, 2019 for KNF, as well as a bill reflecting Plaintiffs' attorneys' fees and costs.  *Id.* ¶¶ 7(a), 10,

12.

   "Once liability has been established [at the default judgment stage], a plaintiff must

provide admissible evidence establishing the amount of damages with reasonable certainty."

*Fonz, Inc. v. City Bakery Brands, LLC*, 2021 WL 5235190, at *3 (S.D.N.Y. Sept. 27, 2021),

*report and recommendation adopted*, 2021 WL 4803821 (S.D.N.Y. Oct. 13, 2021); *Hood v.*

*Ascent Med. Corp.*. 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and*

*recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8

(2d Cir. 2017) (explaining that a plaintiff must "substantiate its claim for damages with evidence

to prove the extent of those damages").  The Court has reviewed the submissions in support of

Plaintiffs' motion for damages and concludes Plaintiffs have substantiated their claim for

damages with evidence.

   The declaration of Benedetta Brusseau and attached audit reports support that NYCF

owes a delinquency to Plaintiffs of $703,910.19 for NYCF's failure to make benefit

---

[1] In their memorandum of law in support of their February 2021 motion for default judgment,
Plaintiffs explained why Defendants are jointly and severally liable for the delinquencies
identified in the audits.  Dkt. No. 75.  The Court granted default judgment as to liability in
response to Plaintiffs' motion.  *See* Dkt. No. 78.

contributions for hours worked during June 26, 2017 through December 31, 2019 and that this amount is comprised of: delinquent benefit contributions in the amount of $527,591.73, interest on the delinquent benefit contributions in the amount of $67,864.61, liquidated damages of $105,518.35, and audit costs of $2,935.50.  *See* Dkt. No. 72 ¶ 11; *see generally* Dkt. No. 72-1.  It further supports that KNF owes a delinquency to Plaintiffs of $5,116,203.74 for KNF's failure to make benefit contributions for the hours worked from July 1, 2014[2] through December 29, 2019 and that this amount is comprised of: delinquent benefit contributions of $3,615,578.99, interest on the delinquent benefit contributions in the amount of $773,955.95, liquidated damages of $723,115.80, and audit costs of $3,553.  *See* Dkt. No. 72 ¶ 12; *see generally* Dkt. No. 72-2.  The declaration of Ankur Patel and attached audit report supports that NYCF owes a delinquency to Plaintiffs for the period of December 30, 2013 through June 25, 2017 of $27,375.36; this amount is comprised of: delinquent benefit contributions of $13,029.73, interest on those delinquent contributions of $2,078.85, "promotional fund" of $115.44, audit costs of $4,845, attorneys' fees of $1,500, and a non-audit late payment interest of $5,806.34.  *See* Dkt. No. 73; *see generally* Dkt. No. 73-1.  As explained below, Plaintiffs do not provide evidence to support their claimed entitlement to an arbitration cost of $500 that was included in the calculation reflected in this declaration and audit report.

According to the CBA, when an employer is delinquent in its contributions under the CBA, "formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s)," and the court "renders a judgment in favor of such Fund(s)," the Funds may recover:

    (1) the unpaid contributions; plus

---

[2] The relevant audit report states that the audit period is "01/01/2014 – 12/29/2019," but there appears to be no data pre-dating July 2014.

> (2) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus
>
> (3) an amount equal to the greater of—
>
> > (a) the amount of the interest charges on the unpaid contributions as determined in (2) above, or
> >
> > (b) liquidated damages of 20% of the amount of the unpaid contributions; plus
>
> (4) reasonable attorney's fees and costs of the action; and
>
> (5) such other legal or equitable relief as the court deems appropriate.

Dkt. No. 74-10 at 28–29; Dkt. No. 74-11 at 30–31; *see also* 29 U.S.C. § 1132(g).  Plaintiffs claim entitlement to a $500 arbitration cost in connection with the NYCF audit for the period of December 30, 2013 through June 25, 2017, but they do not explain why they are entitled to a $500 arbitration cost under the terms of the CBA—which provides for the cost of an arbitration to be included in an arbitration award and borne by the losing party, *see* Dkt. No. 74-10 at 29–30; Dkt. No. 74-11 at 31—or any information about the arbitration that gave rise to this cost. They have not shown that they are entitled to this amount.

Plaintiffs seek $70,455.58 in attorneys' fees and costs.  In support of this request, Plaintiffs' counsel submits billing records showing that they spent 237.6 hours on the matter at various rates: $120 per hour for legal assistants, $275 for counsel when he was an associate (from March 20, 2019 through January 20, 2020), and $350 for counsel when he was a partner (after January 20, 2020).  Dkt. No. 74-16; Dkt. No. 74 ¶¶ 27, 28.  "When a plaintiff prevails in an ERISA action for unpaid contributions, an award of attorneys' fees and costs under ERISA § 502(g)(2)(D) is mandatory."  *Demopoulos v. Mystic Tank Lines Corp.*, 2008 WL 4596274, at *5 (S.D.N.Y. Oct. 16, 2008).

As a general matter, the "starting point" in analyzing whether claimed attorney's fees are appropriate is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see generally Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing

calculation of reasonable hourly rates and reasonable number of hours expended).  The party

seeking fees bears the burden of demonstrating that its requested hours and hourly rates are

reasonable and must provide a court with sufficient information to assess the fee application.  *See*

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011).

A court's focus is "on setting a reasonable hourly rate, taking account of all case-specific

variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d

182, 189 (2d Cir. 2008).  The reasonable hourly rate is "the rate a paying client would be willing

to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum

necessary to litigate the case effectively." *Id.* at 190.  When an attorney's requested hourly rate

is higher than rates found to be reasonable in the relevant market, a court may reduce the

requested rate.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).  Once a

court has determined the appropriate hourly rate, it must also examine whether the number of

hours billed was reasonable.  The court "should exclude excessive, redundant or otherwise

unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

An attorney's fee award may also include "those reasonable out-of-pocket expenses

incurred by attorneys and ordinarily charged to their clients."  *LeBlanc-Sternberg v. Fletcher*,

143 F.3d 748, 763 (2d Cir. 1998).  These "costs" may include photocopying, travel, telephone

costs, *id.*, as well as filing fees and reasonable process-server fees, *Rosendo v. Everbrighten Inc.*,

2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015

WL 4557147 (S.D.N.Y. July 28, 2015).

The Court has reviewed the submission of Plaintiffs' counsel documenting the costs

incurred, hours worked, and activities performed in support of this action.  *See* Dkt. No. ¶ 74-16.

Plaintiffs submit a figure of $4,024.08 for costs incurred in connection with this action.  *Id.* at

ECF p. 34.  The Court accepts the costs figure submitted by Plaintiffs, which is comprised of

filing, research, and service fees, as well as costs associated with depositions and subpoenas.  *Id.*

at ECF pp. 33–34.  Plaintiffs' counsel also submits a figure of 237.6 hours expended on this

action and supports the submission with contemporaneous time records.  The amount of time

expended is far above that which has been found to be reasonable in other default judgment

ERISA cases.  *See, e.g.*, *Trustees of Drywall Tapers and Pointers Local Union No. 1974 Benefit*

*Funds v. Excellence Drywall, LLC*, 2020 WL 9815185, at *3 (S.D.N.Y. Aug. 14, 2020), *report*

*and recommendation adopted as modified* 2020 WL 9815254 (S.D.N.Y. Sept. 21, 2020)

(concluding that 12.9 hours is a reasonable number of hours expended on an ERISA default-

judgment case); *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. B&L*

*Moving and Installation, Inc.*, 2017 WL 4277175, at *8 (S.D.N.Y. Sept. 26, 2017), *report and*

*recommendation adopted* 2018 WL 705316 (reducing number of hours awarded in ERISA

default-judgment case to 30.35); *UNITE HERE Retirement Fund v. Edward Village Grp., LLC*,

2021 WL 5414972, at *8 (S.D.N.Y. Nov. 16, 2021) (accepting 12.4 hours of time spent on

ERISA-related issues by attorneys).  However, this case was not a run-of-the-mill ERISA default

judgment case—the litigation has been ongoing for almost three years and there were active and

ongoing disputes active for much of this time with defendants who initially appeared.  For

example, Plaintiffs filed multiple amended complaints, Dkt. No. 22, engaged in motion practice

with respect to amending its complaint, Dkt. No. 36, and discovery disputes, Dkt. Nos. 48, 51,

and conducted discovery, including preparing for depositions and issuing subpoenas, *see* Dkt.

No. 74-16.  Viewed in this light, 237.6 hours is a reasonable amount of time to spend litigating a

case for multiple years and through multiple disputes requiring full rounds of briefing, even

though it has ultimately ended in a default judgment.  *Cf. N.Y. Dist. Council of Carpenters*

*Pension Fund v. Perimeters Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (concluding that 780.9 hours spent on litigating ERISA case through summary judgment was reasonable).

      The rates charged by Plaintiffs' counsel are in line with the rates accepted for other recent ERISA cases before this Court.  *See, e.g.*, *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Inniss Construction, Inc.*, 2021 WL 2556130 (S.D.N.Y. May 13, 2021), *report and recommendation adopted* 2021 WL 2555840 (S.D.N.Y. June 22, 2021) (awarding hourly rate of $350 for partner time in a default judgment case); *Broach v. Metropolitan Exposition Servs., Inc.*, 2020 WL 3892509 at *9 (S.D.N.Y. July 10, 2020) (noting that "[c]ourts in this district have approved partner billing rates that range from $350 per hour to $425 per hour in ERISA delinquent contribution cases" and awarding hourly rate of $295 for counsel's time); *UNITE HERE Retirement Fund*, 2021 WL 5414972, at *8 (awarding attorney rates of $325 and $425 per hour).  They are also in line with the rates accepted by other courts in this District.  *See, e.g.*, *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Concrete Bros. Constr.*, 2020 WL 3578200, at *4 (S.D.N.Y. July 1, 2020) ("The petitioners' counsel billed $350 per hour for a partner at Virginia & Ambinder, LLP and $120 per hour for legal assistants' work. . . . These rates are reasonable given the prevailing rates in this district."); *Perimeter Interiors, Inc.*, 657 F. Supp. 2d at 425 (concluding that hourly rates of $425 for partners, $300 for associates, and $150 for paralegals are reasonable).

      Plaintiffs also seek post-judgment interest on their monetary award.  *See* Dkt. No. 79. "Post-judgment interest is . . . warranted in the instant case, as it 'is "allowed on any money judgment in a civil case recovered in a district court.'"  *1199SEIU United Healthcare Workers East v. Alaris Health at Hamilton Park*, 2018 WL 9651077, at *7 (S.D.N.Y. Sept. 4, 2018)

(quoting *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, 2017 WL 4736742, at *3 (S.D.N.Y. Oct. 19, 2017)).  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  The Court will award post-judgment interest at the statutorily prescribed rate.

The Clerk of Court is respectfully directed to prepare a judgment in favor of Plaintiffs and against NYC Flooring L.L.C. and KNF Renovations in the amount of $5,917,944.87 ($5,847,489.29 for damages and $70,455.58 for attorneys' fees and costs) with post-judgment interest at the rate provided for in 28 U.S.C. § 1961(a), accruing from May 25, 2022.

The Clerk of Court is respectfully directed to close Dkt. No. 79.

SO ORDERED.

Dated: May 25, 2022
       New York, New York                          _____
                                                              LEWIS J. LIMAN
                                                      United States District Judge